UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HUMES,

    Plaintiff,

v.

TRANS UNION,

    Defendant.

Case No. 25-10394
Honorable Laurie J. Michelson

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [1]**

On November 14, 2024, Leonard Humes filed a complaint in small claims court in Detroit seeking $1,750 from Trans Union for "false reporting" and "perfessional [*sic*] negligence." (ECF No. 1, PageID.8.) The complaint included no factual allegations. (*Id.*) On December 31, Trans Union moved to dismiss the complaint, arguing it failed to state a claim, failed to identify a legal theory, and was preempted by the Fair Credit Reporting Act. (*Id.* at PageID.16.) Humes responded on January 6 and indicated that he was indeed raising claims under the Fair Credit Reporting Act. (*Id.* at PageID.29.) Trans Union filed a reply brief and then decided to remove the case based on federal question jurisdiction. (*Id.* at PageID.1–3.) Thus, the fully briefed motion to dismiss is now before this Court. *See Williamson County Bd. of Educ. v. C.K.*, No. 3:07-0826, 2007 U.S. Dist. LEXIS 76081, *11 (M.D. Tenn. Oct. 11, 2007) ("A federal court takes the case on removal exactly as the case stood in state court and treats all pending motions as if filed in federal court." (citing 16 *Moore Federal Practice,* § 107.31[3])). No further argument is needed. *See* E.D. Mich. LR 7.01(f).

In deciding a motion to dismiss, the Court "construes the complaint in the light most favorable" to the plaintiff and determines whether it "'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Charter Twp. of Royal Oak v. Oakland Cares Coal.*, No. 367522, 2024 Mich. App. LEXIS 10173, *14 (Mich. Ct. App. Dec. 19, 2024) ("In Michigan, a mere declaration of a pleader's conclusion and legal assertions that lack factual substantiation is inadequate to establish a viable cause of action.").

And while a *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2

(6th Cir. July 27, 2022); *see Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

Here, Humes' complaint fails to plead any factual allegations. He simply asserts "p[ro]fessional negligence" and "false reporting" which are legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") Humes' "failure to include any statement of the 'circumstances, occurrences, and events' giving rise to the claim leaves [the Court] with nothing to construe." *Black v. City of Royal Oak*, No. 23-12371, 2024 U.S. Dist. LEXIS 167469, *35 n.4 (E.D. Mich. Sept. 17, 2024) (alteration in original) (quoting *Armengau v. Cline*, 7 F. App'x 336, 345 (6th Cir. 2001)).

While Humes' response to the motion to dismiss does further flesh out his claims, his response cannot make up for deficiencies in the complaint. A motion to dismiss "tests the sufficiency of a complaint." *Gardner v. Quicken Loans, Inc.*, 567 Fed. Appx. 362, 364 (6th Cir. 2014). And "it is black-letter law that . . . a court evaluating . . . a motion to dismiss[] must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *see also Caraway v. Corecivic of Tenn., LLC*, 98 F.4th 679, 682 n.2 (6th Cir. 2024) ("Ordinarily, courts evaluate the sufficiency of a claim based only on the four corners of the complaint."). A plaintiff's response brief to a motion to dismiss cannot cure a deficient complaint. *Bates*, 958 F.3d at 483–84 ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or

3

evidence) not contained in the complaint. If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." (citations and internal quotation marks omitted)). Humes' *pro se* status "does not alter this conclusion." *Black*, 2024 U.S. Dist. LEXIS 167469, at *35 n.4 (quoting *Armengau*, 7 F. App'x at 345).

Accordingly, Trans Union's motion to dismiss is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: April 22, 2025

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE